MICHAEL E. PAPPAS (SBN 130400)
  mpappas@lesnickprince.com
ANDREW R. CAHILL (SBN 233798)
  acahill@lesnickprince.com
LESNICK PRINCE & PAPPAS LLP
315 W. Ninth St., Suite 705
Los Angeles, California 90015
Telephone: (213) 493-6585
Facsimile: (213) 493-6596

Attorneys for Plaintiff Xyience Beverage
Company, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| XYIENCE BEVERAGE COMPANY, LLC,<br><br>                Plaintiff,<br><br>  v.<br><br>STATEWIDE BEVERAGE COMPANY, INC.<br><br>                Defendant. | Case No. 2:15-cv-2513 MMM (AJWx)<br><br>**PLAINTIFF XYIENCE BEVERAGE COMPANY, LLC'S RESPONSE TO "ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION;" DECLARATION OF JAMES BRADLEY IN SUPPORT** |

Plaintiff Xyience Beverage Company, LLC ("Xyience") responds to the Court's "Order to Show Cause Why Case Should Not Be Dismissed for Lack of Subject Matter Jurisdiction" ("Order to Show Cause") (Dkt. No. 10) as follows:

## I.  INTRODUCTION

Xyience bases subject matter jurisdiction in this case on the complete diversity of citizenship of the parties under 28 U.S.C. § 1332(a).  The Court's Order to Show Cause states that "the pleadings fail to show the citizenship of plaintiff Xyience Beverage Company, LLC."  [Dkt. No. 10, p. 2.]  As set forth below, Plaintiff is a citizen of Texas and Delaware.  Because defendant Statewide Beverage Company, Inc. ("Statewide") is a citizen of California, and because the amount in controversy exceeds $75,000, this Court has diversity jurisdiction over this matter.

## II.  THE COURT HAS DIVERSIRY JURISDICTION OVER THIS MATTER BECAUSE XYIENCE IS A CITIZEN OF DELAWARE AND TEXAS.

Courts treat limited liability companies "like partnerships for the purposes of diversity jurisdiction." *Johnson v. Columbia Properties Anchorage, LP*, 437 F3d 894, 899 (9th Cir. 2006).  Accordingly, when determining the citizenship of a limited liability company, courts in the Ninth Circuit examine the citizenship of each member of the company:  "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F3d 894, 899 (9th Cir. 2006).

Plaintiff Xyience is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business in Austin, Texas. [Declaration of James Bradley, ¶ 2.]  Xyience is a single member limited liability company with All Sport, Inc. as its sole member.  [*Id.* at ¶ 3 and Exhibit 1.]   All Sport, Inc. is a corporation incorporated and existing under the laws of the State of Delaware with its principal place of business in Austin, Texas. [*Id.* at ¶ 4 and

Exhibit 2.] All Sport is a citizen of Delaware and Texas for diversity purposes and, consequently, Xyience is "citizen" of Delaware and Texas.

Subject matter jurisdiction under 28 U.S.C. § 1332(a) exists when the "matter in controversy exceeds the sum or value of $75,000, exclusive or interests and costs, and is between … citizens of different states." As alleged in the complaint, Statewide is a citizen of California because it is a corporation organized and existing under the laws of the State of California with its principal place of business in Norwalk, California. [Dkt. No. 1 (Complaint), ¶ 3.] Thus, there is complete diversity of citizenship between Xyience and Statewide.

The amount in controversy alleged in the Complaint is $938,520 (Complaint, ¶ 4), which exceeds $75,000 as required by Section 1332(a) for diversity jurisdiction. Therefore, the Court has subject matter jurisdiction under 28 U.S.C. § 1332(a).

Should the Court require it, Xyience will amend its Complaint under Federal Rule of Civil Procedure Rule 15(a), which allows a party to amend its complaint "once as a matter of course," to reflect the citizenship of Xyience and to plead that Xyience is a single member limited liability company that is a citizen of Delaware and Texas because its sole member, All Sport, Inc., is a corporation incorporated under the laws of the State of Delaware with its principal place of business in Austin, Texas.

**III.  CONCLUSION.**

For the foregoing reasons, plaintiff Xyience Beverage Company, LLC submits that it has shown cause why this action should not be dismissed for lack of subject matter jurisdiction.

1 | Date: April 14, 2015
2 | LESNICK PRINCE & PAPPAS LLP
3 |
4 | By: /s/ Michael E. Pappas
5 | Michael E. Pappas
    Attorneys for Plaintiff Xyience
    Beverage Company, LLC

## DECLARATION OF JAMES BRADLEY

I, James Bradley, declare as follows:

1.  I am the Chief Financial Officer of plaintiff Xyience Beverage Company, LLC ("Xyience"). I also am the Chief Financial Officer and Secretary of All Sport, Inc. ("All Sport"), the sole member of Xyience. As part of my duties, I am familiar with the formation documents and business operations for Xyience, as well as the corporate records and business operations of All Sport. I know the following to be true of my own personal knowledge, or from my review of Xyience's business records, which are kept in the ordinary course of Xyience's business, and All Sport's business records, which are kept in the ordinary course of All Sport's business. If called upon as a witness, I could and would testify competently thereto.

2.  From its formation in August 2014 to the present, Xyience's principal place of business and corporate headquarters has been and is located at 6500 River Place Boulevard, Suite 450 in Austin, Texas.

3.  From its formation in August 2014 to the present, Xyience has been and is a single member limited liability company organized under the laws of Texas, with its sole member being All Sport, Inc. Attached as Exhibit 1 is a true and correct copy of the "Limited Liability Company Agreement of Xyience Beverage Company, LLC" dated August 28, 2014.

4.  From August 2012 to the present, All Sport, Inc. has been and is a corporation incorporated under the laws of the State of Delaware with its headquarters and principal place of business located at 6500 River Place Boulevard, Suite 450, Austin, Texas (which is where its board of directors and high level officers direct, control and coordinate the activities of All Sport). Attached as Exhibit 2 is a true and correct copy of the "Application for Registration of a Foreign For-Profit Corporation" dated August 22, 2014.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed April 14, 2015.

_____
James Bradley

**EXHIBIT 1**

6

LIMITED LIABILITY COMPANY AGREEMENT

OF

XYIENCE BEVERAGE COMPANY, LLC

This LIMITED LIABILITY COMPANY AGREEMENT of XYIENCE BEVERAGE COMPANY, LLC (the "Company") is made and entered into as of August 28, 2014, by All Sport, Inc (the "Sole Member").

1. Name. The name of the Company is "XYIENCE BEVERAGE COMPANY, LLC".

2. Business of the Company. The purpose and business of the Company shall be the conduct of any business or activity that may be conducted by a limited liability company organized pursuant to the Texas Limited Liability Company Law, as amended from time to time.

3. Term of Company. The Company is to begin as of the date hereof, and the Company is to terminate upon determination of the Sole Member.

4. Authority. Subject to the limitations provided in this Agreement, the Sole Member or managers appointed by the Sole Member shall have authority and discretion to manage the operations and affairs of the Company and to make all decisions regarding the business of the Company. Any action taken by the Sole Member or the Managers or any officers appointed by the Managers on behalf of the Company shall constitute the act of and serve to bind the Company.

5. Election of Officers; Delegation of Authority. The Sole Member or Managers may, from time to time, designate one or more officers with such titles as may be designated by the Sole Member or Managers to act in the name of the Company with such authority as may be delegated to such officer(s) by the Sole Member or Managers. Any such officer shall act pursuant to such delegated authority until such officer is removed by the Sole Member or Managers.

6. Cash and Property Contributed to the Company. The Sole Member shall make an initial contribution of cash or property to the Company at such time and in such amounts as the Sole Member shall determine.

7. Additional Contributions. The Sole Member may make additional contributions of cash or property to the Company at such times and in such amounts as the Sole Member shall determine.

8. Share of Profits and Other Compensation to be Received by the Members. The Sole Member shall be entitled to all of the profits, losses and distributions of the Company.

9. Fiscal Year. The fiscal year of the Company shall be the calendar year.

#4849-8209-4621v3

**EXHIBIT 1**

7

10. <u>Tax Treatment</u>. The Company shall be treated as an entity disregarded as separate from its owner for U.S federal income tax purposes.

11. <u>Amendments</u>. Amendments to this Agreement may be made only if embodied in an instrument signed by the Sole Member.

12. <u>Amendment of Certificate</u>. In the event this Agreement shall be amended pursuant to <u>Section 11</u> hereof, the Sole Member shall amend the Certificate of Formation of the Company to reflect such change if it deems such amendment of the of Certificate of Formation of the Company to be necessary or appropriate.

13. <u>Governing Law</u>. This Agreement shall be governed by and interpreted in accordance with the law of the State of Texas.

IN WITNESS WHEREOF, the undersigned has executed this Agreement as of the date set forth above.

SOLE MEMBER

All Sport, Inc

By: _____
Name: Grany P. Smith
Title: CEO

**EXHIBIT 2**
**10**

```
                                                              F I L E D
                                                          In the Office of the
                                                        Secretary of State of Texas

                                                              AUG 24 2012
```

## APPLICATION FOR REGISTRATION OF A
## FOREIGN FOR-PROFIT CORPORATION

Corporations Section

All Sport, Inc., a Delaware for-profit corporation (the "Company") hereby applies for registration as a foreign for-profit corporation in Texas and hereby makes the following statements:

1. The Company is a foreign for-profit corporation. The name of the Company is All Sport, Inc.

2. The corporation name is not available in Texas. The assumed name under which the Company will qualify and transact business in Texas is BR All Sport, Inc.

3. The Company's federal employer identification number is

4. The Company is incorporated under the laws of the State of Delaware, and the date of its formation in Delaware was June 27, 2007.

5. As of the date of this filing, the undersigned certifies that the foreign for-profit corporation currently exists as a valid for-profit corporation under the laws of the jurisdiction of its formation.

6. The nature of the business or the purposes to be conducted or promoted in Texas are to transact any or all lawful business for which for-profit corporation's may under the Texas Business Organization Code. The Company also certifies that it is authorized to pursue such purpose or purposes in the state under the laws of which it is incorporated.

7. The date on which the Company first transacted business in Texas was April 1, 2008.

8. The principal office address of the Company is 6500 River Place Boulevard, Building 1, Suite 450, Austin, Texas 78730.

9. The address of Company's registered office in Texas is 6500 River Place Boulevard, Building 1, Suite 450, Austin, Texas 78730, and the name of its initial registered agent at such address is James Bradley.

10. The Company hereby appoints the Secretary of State of Texas as its agent for services of process under the circumstances set forth in Section 5.251 of the Texas Business Organizations Code.

11. The names and addresses of the governing persons of the Company are:

| NAME | ADDRESS |
|---|---|
| Gary Smith | 6500 River Place Boulevard<br>Building 1, Suite 450<br>Austin, Texas 78730 |
| Alexander Coleman | 6500 River Place Boulevard<br>Building 1, Suite 450<br>Austin, Texas 78730 |

12. This document becomes effective when the document is filed by the Secretary of State.

IN WITNESS WHEREOF, the undersigned hereby executes this Application for Registration on this  22  day of August, 2012.

**ALL SPORT, INC.,**
a Delaware corporation

By: _____
Name:  James Bradley
Title:  CFO

**EXHIBIT 2**

**12**

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is Lesnick Prince & Pappas LLP, 315 W. Ninth Street, Los Angeles, CA 90015.

On April 14, 2015 I served the following documents on the interested parties in this action by:

(1) PLAINTIFF XYIENCE BEVERAGE COMPANY, LLC'S RESPONSE TO "ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION;" DECLARATION OF JAMES BRADLEY IN SUPPORT

(2) CIVIL MINUTES: ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION

☐ Electronic Mail: As a courtesy to the parties, by transmitting a true copy of said document to counsel for said parties at the electronic notification address(es) set forth below, said transmission being reported as complete and without error.

☐ Facsimile: By transmitting a true copy of said document to counsel for said parties at the telecopier number(s) set forth below and receiving a transmission confirmation report properly issued by the sending facsimile machine.

☒ U.S. Mail: By placing for collection and mailing ☐ the original ☒ a true copy of said document enclosed in a sealed envelope addressed to counsel for said parties as set forth below. I am personally and readily familiar with the business practice of Lesnick Prince LLP for the collection and processing of documents for mailing with the United States Postal Service. Pursuant to that practice, mail placed for collection in the ordinary course of business is deposited the same day, with proper postage fully prepaid, with the United States Postal Service.

**Statewide Beverage Company, Inc.**
**Agent for Service: Jeff Javidzad**
**6415 Flett Street**
**Commerce, CA 90040**

**Jeff Javidzad**
**Statewide Beverage Company, Inc.**
**15619 S. Blackburn Avenue**
**Norwalk, CA 90650**

☐ Federal Express: By depositing in a box or other facility maintained by Federal Express, an express carrier service, or delivered to a courier or driver authorized by said express carrier service to receive documents, ☐ the original ☐ a true copy of the document sealed in an envelope designated by said express carrier service, with delivery fees paid or provided for, and addressed to counsel for said interested parties as set forth below.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed April 14, 2015, at Los Angeles, California.

Tahira Mims

PROOF OF SERVICE OF RESPONSE TO OSC RE SUBJECT MATTER JURISDICTION;
AND DECLARATION OF JAMES BRADLEY